IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN W. DUNIGAN,

    Plaintiffs,                    No. CIV S-05-1054 DFL GGH PS

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        This action, in which plaintiff is proceeding pro se, has been referred to the undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21). Presently before the court is defendant Yolo County's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed September 22, 2005. Defendant Yolo County contends all of plaintiff's claims are time barred. No other defendant has filed a response to the complaint.[1] Plaintiff has not filed an opposition, nor did he appear at the hearing held October 27, 2005. Susan DeNardo appeared on behalf of defendant Yolo County.

---

[1] On September 26, 2005, summons were returned as executed against the following defendants: the Yolo County Board of Supervisors; California Department of Corrections; and the Board of Prison Terms and Parole.

1

BACKGROUND

Plaintiff filed his complaint on May 27, 2005. He names as defendants: California Department of Corrections; Board of Prison Terms and Parole; J.S. Woodford, Director of Corrections; "Parole & Comm. Sup. Div."; "CDC Employees: Sergeant Kirkland, CCII Ms. Lane, Saul Irving, Warden Newman, CCI Chambers, CCII Lofton"; "BPT Commissioner Schaffell"; "Agent McCarthy"; Sandy Sikes; Art Robinson; "Supervisor Wilson"; "Yolo County Superior Court Judge Mock"; "Judge Fall"; "Twylight Brooks"; "D.A. Henderson"; Deputy D.A. James Walker; Yolo County Sheriff Sgt. Fisch #34; "Monroe Detention Center Employees: Lt. Rademaker #375, LT. Daye #387, C/O Kendricks #436, C/O Deving #373, C/O Bautista #396, Sgt. Casteneda #404, Sgt. Chan #398, C/O Hundal, C/O Sykosky #437, C/O Rodriguez #400, C/O Gall #439, C/O Grant, C/O Benvelos #344, C/O Austin #464, C/o Zetwick, C/O Montero, C/O Oveta"; and, "Parole & Community Sup. Div. Supervisor Sharron Rocco."

The complaint is filed on a form used by prisoners to file a complaint under the Civil Rights Act, 42 U.S.C. § 1983. Although it appears plaintiff is no longer incarcerated, most of his claims seem to relate to his incarceration. Plaintiff makes numerous allegations against the defendants, many of which are unintelligible. It appears that plaintiff alleges defendants violated his civil rights by engaging in or encouraging, among other things, false imprisonment, assault, battery, slander, sexual harassment, religious persecution, and racial discrimination. In addition to these vague claims, plaintiff appears to argue that his arrest and conviction for arson was unlawful, and that his trial counsel was ineffective.

Defendant Yolo County has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Yolo County appears to have understood the complaint to include claims brought pursuant to 42 U.S.C. § 1983 for "assault, battery, false imprisonment, slander, and negligence." Specifically, defendants construe the complaint to allege that "Yolo County falsely incarcerated" plaintiff on November 4, 1999, at the Monroe Detention Center on charges of

2

unlawful burning pursuant to California Penal Code section 452 and reckless driving pursuant to California Vehicle Code section 23103. (MTD, at p. 2). Further, defendant summarizes plaintiff's allegations to include: two assaults by staff at the Monroe Detention Center where plaintiff was incarcerated from November 4, 1999 through May 10, 2001; sexual harassment due to false rumors spread by staff that plaintiff is homosexual; and, racial and religious discrimination by staff. (MTD, at p. 2). Defendant Yolo County argues that these claims should be dismissed because they are barred by the applicable statute of limitations.

ANALYSIS

Rather than deciding to dismiss the allegations in the complaint as time-barred, the undersigned recommends dismissal based on other threshold issues. First, the complaint does not meet the requirements of Fed. R. Civ. Pro. 8.

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal Courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery." (emphasis added)). A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179. The complaint in

1  this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail,
2  yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a
3  complaint." McHenry , 84 F.3d at 1179-80.  Based on a thorough review of the complaint, the
4  court is unable to discern who is being sued, what plaintiff's theory of relief is, and what claims
5  plaintiff intends to allege.

6  In addition to this deficiency, the complaint names several defendants who appear
7  to be immune from suit under the Eleventh Amendment.[2]  Although plaintiff has failed to
8  meaningfully identify some of the defendants named in the complaint, he appears to name at least
9  two judges and a prosecutor ("Judge Mock, Judge Fall, and D.A. Henderson").  To the extent
10  these are actual state officials, claims against them relating to plaintiff's conviction for arson and
11  other crimes are barred by the Eleventh Amendment.  The same is true as to other state officials
12  named in the complaint.

13  \\\\\
14  \\\\\
15  \\\\\
16  \\\\\

---

[2]  "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999) (citing Pennhurst v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984)); see also Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991) (stating the Eleventh Amendment bars virtually all suits seeking relief against a state, an "arm of the state," or its agencies).

Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit. See Quern v. Jordan, 440 U.S. 332, 344-45, 99 S. Ct. 1139, 1147 (1979). Accordingly, as a general rule, states cannot be sued in federal court for violating § 1983.  The Eleventh Amendment likewise, in general, bars suits for damages against state officials in their official capacities, because such a suit is in effect one against the state. Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099 (1985).

Eleventh Amendment immunity also is consistent with the general rule that "states or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983." Doe v. Lawrence Livermore National Laboratory, 131 F.3d 836, 839 (9th Cir. 1997) citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2311 (1989).

1   Finally, the complaint is largely unintelligible, and plaintiff failed to appear at the
2  hearing to offer any clarification, nor did he oppose defendant Yolo County's motion to dismiss
3  or their understanding of the complaint contained therein.[3]
4   Accordingly, IT IS RECOMMENDED that the complaint be dismissed with
5  prejudice.
6   These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
8  (10) days after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 shall be served and filed within ten (10) days after service of the objections.  The parties are
12 advised that failure to file objections within the specified time may waive the right to appeal the
13 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
14 DATED: 11/22/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mb
Dunigan1054.mtd

---

[3] On October 17, 2005, plaintiff filed with the court eighty pages of "exhibits" containing police and criminal history reports.  Defendant Yolo County filed a response to this filing, arguing that these exhibits should be disregarded since they were filed past the deadline for filing an opposition to the motion to dismiss.  The court has examined these "exhibits" and does not find them helpful in clarifying the complaint.